UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL M. ROUX                                                                    CIVIL ACTION

VERSUS                                                                                       NO. 13-369

PINNACLE POLYMERS, L.L.C., ET AL.                                      SECTION "K"(4)

### ORDER AND REASONS

Before the Court is Pinnacle Polymers, L.L.C.'s Rule 12(b)(6) Motion to Dismiss (Doc. 11) based on the contention of Pinnacle Polymers, L.L.C. ("Pinnacle") that as plaintiff's employer, the sole avenue for recovery against Pinnacle is the Louisiana Workers' Compensation Act (La. R.S. 23:1032). Having reviewed the pleadings, memoranda, and the relevant law in this removed case, the Court finds merit in this motion.

**Background**

On or about January 16, 2012, plaintiff, Michael Roux, was operating a forklift that became stuck in the mud and at the instruction of Pinnacle, a co-worker, using another forklift and a towing device, connected two towing straps with shackles. The co-worker then connected one shackle to the rear of plaintiff's forklift and connected the shackle at the other end of the towing device to an eye bolt which was secured to the rear of the co-worker's forklift. As the co-worker started to pull plaintiff's forklift, the towing device came loose and struck plaintiff in the face causing serious and debilitating injuries. (Doc. 1-1, Petition, ¶ III).

Suit was filed on January 16, 2013 in the 40th Judicial District Court for the St. John the Baptist Parish and timely removed to this Court on February 27, 2013, based on diversity juridsdiction, 28 U.S.C. § 1332. Plaintiff alleged, *inter alia,* therein that:

> Plaintiff was an employee of PINNACLE at the time of the accident; and that PINNACLE's staff and Plaintiff's co-workers knew or should have known that the manner in which the Forklift and the towing device were being used was improper; and they also knew that it was substantially certain that the towing device would fail and strike Plaintiff.

Doc. 1-1, ¶ VII(1.). Subsequently, the instant motion to dismiss was filed and taken on the papers. Pinnacle seeks to dismiss the claims against it pursuant to Fed. R. Civ. P. R. 12(b)(6) contending that plaintiff has no facially plausible claim. Because plaintiff is an employee of Pinnacle, Pinnacle maintains his only recourse is pursuant to workers' compensation benefits.

### Motion to Dismiss

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.1980). In *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Id.* at 563, 127 S.Ct. at 1969. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief

that is plausible on its face.'" *In Re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974.

Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965 (internal citations omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 601 (1969).  However, a complaint does not "suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570).  A court should not accept as true a plaintiff's conclusory allegations, unwarranted factual inferences or unsupported legal conclusions.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir.  2010).

**Exclusivity of Workers' Compensation Remedies**

As stated by the appellate court in *Bruno v.  Bellsouth/The Berry Company*, 59 So.3d 1265 (La. App.  5th Cir.  2011):

> La.  R.S. 23:1032 provides that workers' compensation is the exclusive remedy of an employee injured at work unless the act causing the injury was an intentional act.  The Louisiana Supreme Court and various Louisiana Courts of Appeal have extensively explored the intentional act exception to La.  R.S. 23:1032 as it relates to an employer's liability to prosecution.  It is clear that the meaning of "intent" in this context "is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that

>   result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result."

*Id.* at 1268.  The appellate court citing its opinion in *Nicks v. AX Reinforcement Co.*, 841 So.2d 987 (La. App. 5th Cir. 2003), continued:

>   [I]f a claimant can show substantial certainty that the consequences will follow the act, he can be relieved of the difficulty of trying to establish a subjective state of mind.  However, to rise to the level of an intentional tort, the case must be taken out of the simple realm of possibility, as in negligence cases, and express the concept that an actor knew with such a certainty that the injuries were substantially certain to follow, that a denial of that knowledge is not believable.  Substantially certain to follow requires more than a reasonable probability that an injury will occur.

*Bruno*, 59 So.3d at 1268.

Moreover, under Louisiana law, the intentional tort exception to the exclusive remedy provision of the workers' compensation statute is to be given a narrow interpretation.  *Wilson v. Kirby Corporation*, 2012 WL 1565415 (E.D.La. May 1, 2012) citing *King v. Schulykill Metals Copr.* 581 So.2d 300, 302 (La. App. 1st Cir. 1991).  As this Court stated in *Wilson*:

>   Thus, the standard for prevailing on a claim of intentional tort under Louisiana law is extremely high.  In *Fardina v. Ecolab, Inc.*, 593 So.2d 936 (La. App. 4th Cir. 1992), the court of appeals held that the fact that the employer *knew* that the employee's injuries were substantially certain to follow work place exposure to chemicals, due to the employer's superior knowledge of the effects of chemical exposure was insufficient evidence of intent to satisfy the intentional tort exception to the exclusivity of worker's compensation remedies.  Even knowledge of a high degree of probability that injury will occur is insufficient to establish that the employer was substantially certain that injury would occur so as to impute intent to him within the intentional tort exception to the worker's compensation state exclusive remedy provisions.  *King*, 581 So.2d at 303.  "Substantial certainty requires more than a reasonable probability that an injury will occur; this term has been interpreted as being equivalent to inevitable, virtually sure and incapable of failing."  *Id.* at 301 (Internal citations omitted).

*Id.*

Plaintiff has not pleaded any specific facts with respect to his employer's intent.  He has made mere naked assertions that "co-workers knew or should have known that the manner in which the forklift and the towing device were being used was improper" and that they also "knew that it was substantially certain that the towing device would fail and strike Plaintiff."  Furthermore, plaintiff has not alleged any fact when accepted as true permit the Court to draw a reasonable inference that the method used to extricate plaintiff's forklift would inevitably result in injury to plaintiff or that plaintiff was virtually certain to be injured.  In light of the standards discussed above, the Court finds plaintiff's allegations are insufficient to state a claim for intentional tort under Louisiana law.  Accordingly,

**IT IS ORDERED** that Pinnacle Polymers, L.L.C.'s Rule 12(b)(6) Motion to Dismiss (Doc. 11) is **GRANTED** and judgment shall be entered in favor of Pinnacle Polymers, L.L.C. and against Michael M. Roux with each party to bear its/his own costs.

New Orleans, Louisiana, this 14th day of January, 2014.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**